UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MICHELLE TIMBERLAKE                                                            PLAINTIFF

V.                                                 CIVIL ACTION NO. 4:08CV91 DPJ-FKB

INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, ET AL.                                          DEFENDANTS

ORDER

This employment discrimination action is before the Court on two motions for summary judgment, the first filed by Defendant Roadway Express, Inc., [70] and the second filed by Defendants Teamsters Local Union No. 891 and Larry Wayne Phillips [72]. Plaintiff Michelle Timberlake filed a single response to both motions. The Court, having considered the memoranda and submissions of the parties, concludes that Defendants' motions should be granted.

I.     Facts

Plaintiff began work with Roadway Express, Inc., ("Roadway") as a driver in March 2001. She is a member of Defendant Teamsters Local Union 891 ("Local 891"). In her Complaint, Plaintiff alleges that she has been subjected to gender discrimination, race discrimination, sexual and racial harassment resulting in a hostile work environment, and retaliation. Plaintiff also asserts causes of action for breach of contract, intentional infliction of emotional distress, defamation, and false light.

Plaintiff described various allegedly discriminatory acts in her Complaint. She faults both Roadway and Local 891 for their handling of these incidents. After exhausting her administrative remedies, Plaintiff filed the instant lawsuit. The Court has personal and subject matter jurisdiction and is prepared to rule on the pending motions for summary judgment.

II.     Analysis

    A.      Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. "The party moving for summary judgment bears the initial burden of 'informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 422 (5th Cir. 2007) (noting that the moving party bears the "burden of demonstrating that there is no genuine issue of material fact"). "The non-moving party must then come forward with specific facts showing there is a genuine issue for trial." *Washburn*, 504 F.3d at 508.

The non-movant is required to "submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause[s] of action." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-movant must also "articulate the precise manner in which the submitted or identified evidence supports his or her claim." *Smith ex rel. Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

In this case, Plaintiff's response was cursory at best. Other than citing the legal standards, she generally limited her response to the statement that "[t]hroughout the testimony Plaintiff provided during her lengthy deposition, what seems clear is that this matter is one which is loaded with remaining questions of material fact." Resp. ¶ 4. Simply put, she did not even attempt to "come forward with specific facts showing there is a genuine issue for trial." *Washburn*, 504 F.3d at 508. Moreover, Timberlake produced no record evidence of her own and instead "incorporat[ed] Defendants [sic] exhibits." Resp. ¶ 1. However, she failed to provide a single record cite. As Defendants point out, Plaintiff's deposition is hundreds of pages long.[1]

Although the Court endeavored to consider the record as a whole, to the extent it may have overlooked evidence Plaintiff failed to identify, it must be noted that the Court is "under no duty 'to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Fuentes v. Postmaster Gen. of USPS*, No. 07-10426, 2008 WL 64673, at *3 (5th Cir. Jan. 7, 2008) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n. 7 (5th Cir. 1992)); *see also Malacara*, 353 F.3d at 405 ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court.").

---

[1] Roadway represents that Plaintiff's deposition consists of three volumes totaling 600 pages; Local 891 indicates that Plaintiff's deposition consists of four volumes totaling 800 pages.

B.  Plaintiff's Claims

1.  Discrimination

Plaintiff claims that she suffered race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964.

> To establish a prima facie case of racial discrimination in employment, an employee must demonstrate that (1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.

*Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). Defendants contend that Plaintiff fails to satisfy the third and fourth elements. The Court agrees.

First, Plaintiff must demonstrate an "adverse employment action," which is defined to "include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). According to Defendants, many of the actions listed in Plaintiff's Complaint do not constitute ultimate employment decisions. *See* Compl. ¶ 13. On the one occasion where she and a white male co-worker were temporarily discharged for engaging in a physical altercation, both employees were reinstated with full back pay. Plaintiff failed to direct the Court to any evidence suggesting an adverse employment action, and the Court has found none.

Second, Plaintiff must show that she was treated less favorably than a similarly situated employee outside the protected class under nearly identical circumstances. *Lee*, 574 F.3d at 259. Defendants note Plaintiff's failure to identify a comparator in either her deposition testimony or in her responses to interrogatories. Plaintiff, in her response to the motions, again neglected to

direct the Court's attention to any evidence of a similarly situated individual who received more favorable treatment. Plaintiff has not produced evidence that comparators were treated more favorably. *See Nzeda v. Shell Oil Co.*, 228 F. App'x 375, 376 (5th Cir. 2007) (affirming summary judgment where the plaintiff advanced only conclusory allegations that those outside his protected class were treated more favorably).

Plaintiff has failed to go beyond the conclusory allegations of her Complaint and has therefore failed to establish a triable issue as to her Title VII discrimination claims. *See TIG Ins. Co.*, 276 F.3d at 759 (holding that conclusory allegations and unsubstantiated assertions are not a sufficient response to a properly supported motion for summary judgment).

2. Retaliation

Plaintiff also claims that she was retaliated against in violation of Title VII. "To establish a prima facie case of retaliation, a plaintiff must show that (1) she participated in a Title VII protected activity, (2) she suffered an adverse employment action by her employer, and (3) there is a causal connection between the protected activity and the adverse action." *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009). Defendants argued with specificity that Plaintiff has not demonstrated the second or third elements of a prima facie case. Again, the Court agrees.

To establish a materially adverse employment action, a plaintiff must demonstrate that the actions would "dissuade[ ] a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Title VII's anti-retaliation provision does not address "petty slights, minor annoyances, and simple lack of good manners." *Id*. Defendants contended in their motions that Plaintiff failed to demonstrate

5

an adverse employment action. Plaintiff offered no substantive response, and failed to direct the Court to any record evidence demonstrating that the events asserted in the Complaint, if true, would constitute a materially adverse employment action.

In addition, there is a total failure to establish causation as required in the third essential element. *Stewart*, 586 F.3d at 331. Both Defendants offered specific record evidence demonstrating the lack of a causal connection between the actions alleged in the Complaint and Plaintiff's protected activity. Plaintiff, in her response, did not even mention causation, failed to make any legal arguments regarding causation, and neglected to direct the Court to any evidence suggesting a question of fact on causation. The Court's own review of the record finds that Defendants have properly supported their motion on this basis and that it should be granted.

### 3. Hostile Work Environment

Plaintiff also raises claims of racial and sexual harassment resulting in a hostile work environment in her Complaint, pointing to incidents involving two co-workers (Rivers and Quintero), and Defendant Phillips, as well as general conduct by Roadway. Defendants likewise seek summary judgment on these claims on the basis that Plaintiff cannot make out a prima facie case of a hostile work environment. Notably, Plaintiff's brief response fails to substantively address either her harassment or hostile work environment allegations. Nevertheless,

> to establish a prima facie case of hostile-work environment, [Plaintiff] was required to show that: (1) she belongs to a protected class; (2) was subjected to unwelcome sexual or racial harassment; (3) the harassment was based on her sex or race; (4) the harassment affected a term, condition, or privilege of her employment; and (5) her employer knew or should have known of the harassment and failed to take remedial action.

*Arensdorf v. Geithner*, 329 F. App'x 514, 517 (5th Cir. 2009) (internal quotations and citations omitted).

Defendants submit that the Rivers incident is not actionable because Plaintiff testified that the altercation stemmed from a misunderstanding between the two regarding a newspaper article and a co-worker's DUI. In other words, Plaintiff has not produced evidence that the incident was motivated by race or gender.

As for the Quintero incident, Defendants insist that proper remedial action was taken, in that Quintero was investigated and terminated. When he was reinstated following the union grievance, Roadway took steps to ensure Quintero would not work directly with Plaintiff.

With respect to Defendant Phillips's two comments regarding African Americans and the union, and later remarks regarding the Quintero incident, Defendants submit that these incidents are insufficient to support a hostile work environment claim. *See Mosley v. Marion County, Miss.*, 111 F. App'x 726, 728 (5th Cir. 2004) (affirming summary judgment where the plaintiff presented evidence of three incidents involving the use of racial slurs).

Defendants maintain that the remaining conduct about which Plaintiff complains (*see* Compl. ¶ 13) does not constitute harassment that affected a term, condition or privilege of employment. *See, e.g.*, *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007) ("simple teasing, offhand comments, and isolated incidents, (unless extremely serious) will not amount to discriminatory charges that can survive summary judgment" (internal quotation marks and citation omitted)).

Plaintiff failed to address any of these issues and failed to direct the Court to any record evidence that would create a triable issue. Her only mention of the claim comes in the first paragraph of her response in which she states that she testified "at great length about the types, manner and method in which she experienced harassment and discrimination." Pl.'s Resp. ¶ 1.

Having reviewed the record, Defendants have satisfied their burden under Rule 56. Plaintiff failed in her duty to go beyond the averments of her complaint, and her claims of harassment resulting in a hostile work environment are due to be dismissed–assuming she did not waive them. *See TIG Ins. Co.*, 276 F.3d at 759 (*supra*).

4.  Other Claims

In their motions, Defendants also seek summary judgment as to Plaintiff's claims of intentional infliction of emotional distress, defamation/false light, and breach of contract. Plaintiff failed to respond to these portions of the motions in her response, so the Court concludes that she has abandoned these claims as well.[2]

IV. Conclusion

Between them, Defendants submitted substantial briefs raising numerous grounds for dismissing Plaintiff's claims. Plaintiff rebutted none of them. While this Court has limited its discussion to what it viewed to be Defendants' key arguments, other meritorious arguments were presented without reply from Plaintiff. The Court therefore concludes that these other unrebutted grounds offer additional bases for dismissal. Based on the foregoing, the Court finds that Defendants' motions for summary judgment should be granted. This case is dismissed with prejudice. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 2nd day of July, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2] As stated earlier, Plaintiff's Response is minimal. Plaintiff does make references to "harassment" (¶ 1), "employment discrimination" (¶ 7), and favorable treatment of persons "outside the protected class" (¶ 6). There is no mention of these other claims.